Irene Heyman, et al.  
vs.  
Narragansett Electric Co.  } No. 79149.

October 3, 1929.

BLODGETT, P. J. Heard upon forty-three grounds of demurrer to declaration. The declaration consists of nine counts.

A general demurrer affects all counts. Special demurrers are filed to each specific count.

Only one ground of demurrer appeals to the Court as necessary to discuss.

The second count sets up a certain definite duty on part of defendant. The second count states that one Max Heyman, not in the employ of defendant but rightfully working in a certain transformer vault under control of defendant, was killed, while in the exercise of due care on his part, owing to the negligent use of said transformer by defendant.

Said count further alleges a duty on the part of defendant to warn said Heyman that it was about to commence to supply electricity to said transformer in sufficient time to permit said Heyman to withdraw from said trans-

former vault before defendant attempted to establish such supply, in order to prevent any injury to said Heyman resulting therefrom.

The demurrer to this count sets up that no such legal duty rests upon defendant, as such a duty would impose an absolute liability. It will be noted that the declaration does not set forth that the transformer or electrical appliances had not been used or tested previous to the time that Heyman started his work in said vault, or that while he was working there the current was allowed to enter the transformer to test the same. As far as the language of the declaration goes the transformer or electrical appliance may have been in active use for a long period. Were there an allegation that the defendant was proceeding to test the electric appliance, or that it was using the same for the first time or for experimental purposes, it might become the duty of defendant to warn all persons of the danger of being present in the said vault.

Without some such allegation the second count is demurrable.

The third count also sets up a duty on part of defendant to warn said Heyman that it was about to bring a supply of electricity into said apparatus in sufficient time to permit him to retire from said vault, but does not specifically state that said defendant did, while Heyman was rightfully in such vault and in the exercise of due care on his part, cause a flow of electricity to enter said apparatus, said defendant well knowing the danger attendant thereon.

While the declaration does state that defendant was constructing said apparatus, it does not state that the same had not been used and was not being used for the purpose for which it was built at the time Heyman entered said vault.

It would seem to the Court, in order to establish a specific duty of warning as set forth, some facts should be set forth other than those contained in said count.

The fourth count sets up certain details connected with said apparatus and the use thereof, and a duty on the part of defendant to make use of the same before permitting said Heyman to remain in said vault, and failure on the part of defendant to use the same.

The eighth and ninth counts set up a duty on the part of defendant to comply with certain ordinances of the City of Providence relative to the construction and use of such apparatus and failure on its part to comply with the same, and that in consequence thereof said Heyman was killed while rightfully in said vault and in the exercise of due care.

Demurrers to second and third counts sustained.

All other grounds of demurrer are overruled.

For plaintiffs: Hinckley, Allen, Tillinghast & Phillips.

For defendant: Edwards & Angell.